(64 Misc. Rep. 102.)

## PEOPLE v. ROUSS.

(Supreme Court, Special Term, New York County. July, 1909.)

CRIMINAL LAW (§ 101*)—CHANGE OF VENUE—GROUNDS.

An indictment under Pen. Code, § 566, charging defendant, a lawyer, with obtaining the signature of a police commissioner to a return of a writ of certiorari to review the dismissal of an officer by annexing a fraudulent copy of the testimony to the return, was found in the Court of General Sessions. Demurrer to the indictment was overruled, and a motion to dismiss was denied. Motion for leave to file an amended return was denied by the Appellate Division, on the ground that there was no evidence that the original return was false, but that the testimony was substantially the evidence on the trial of the officer. *Held*, that a motion for removal of the indictment to the Supreme Court will be granted.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 101.*]

Jacob Rouss was indicted for forgery. Motion to remove indictment to the Supreme Court for trial. Granted.

See, also, 63 Misc. Rep. 135, 118 N. Y. Supp. 433.

Charles E. La Barbier, for the motion.
William Travers Jerome, Dist. Atty. (E. Crosby Kindleberger, of counsel), opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. An indictment has been found against the defendant, a member of the bar of previous good standing and reputation, charging him with violation of section 566 of the Penal Code (Penal Law [Consol. Laws, c. 40] § 932), which makes the obtaining of a signature to a written instrument, by color or aid of a false token or writing or other false pretense, with intent to cheat or defraud another, a felony. The indictment alleges that the defendant obtained the signature of Police Commissioner Bingham to a proposed answer or return to a writ of certiorari in the case of a dismissed police officer named Ringelman by means of annexing to said answer or return an alleged false and fraudulent copy of the testimony taken at the trial of said officer. A demurrer was interposed to the indictment in the Court of General Sessions, which was overruled, and a subsequent motion to dismiss the indictment was denied in said court. The defendant now moves to remove the indictment found against him from the Court of General Sessions to the Supreme Court for trial.

In my judgment there is very grave doubt as to the applicability of section 566 of the Penal Code to such a state of facts as is set forth in the indictment found against the defendant. If the statute is to be so construed, then the practice of the law will become a hazardous profession, for any attorney, who, through inadvertence, should serve an inaccurate case on appeal or other paper in the course of a litigation which contained a misstatement, might subsequently find himself the subject of an indictment.

Since the finding of the indictment the Appellate Division of the Second Department, in People ex rel. Ringelman v. Bingham, 117 N. Y. Supp. 363, in denying a motion for leave to file a corrected and amended return to said writ of certiorari, has found that no evidence was presented on the motion to justify a finding that the original return was false and untrue, but, on the contrary, that the proof submitted justifies the conclusion that the testimony annexed to said original return "was substantially the evidence adduced upon the trial." In view of these facts, the petition of the defendant that the indictment found against him be removed for trial to the Supreme Court, of which he is an officer and which will ultimately determine whether he shall be allowed to continue in the practice of his profession, seems to me just and reasonable. The motion is therefore granted.

Motion granted.